101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul Kenneth CASTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2676.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1996.*
Decided Oct. 25, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Paul Caston appeals from the denial of his petition for relief pursuant to § 2255. The basis of his claim was that he was denied effective assistance of counsel, because his attorney did not assert certain challenges to the Presentence Investigation Report (PSI). We affirm the district court's order.
 
 
 2
 Caston pleaded guilty to being a felon in possession of a firearm. He was sentenced to 60 months imprisonment and three years supervised relief. He did not challenge the PSI or make any objection to his sentence at the time that the district judge imposed it. He argues now, however, that his attorney should have raised two objections to the PSI: first, that a prior conviction for residential burglary should not have been classified as a crime of violence so as to enhance Caston's base offense level; second, that Caston had not served 124 days in Champaign County Jail even though the PSI stated that he had and factored such incarceration into Caston's criminal history score.
 
 
 3
 Caston's claim is that he received ineffective assistance of counsel. This requires showing both that his counsel's performance was inadequate and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984); United States v. Hubbard, 22 F.3d 1410, 1422 (7th Cir.1994), cert. denied, 115 S.Ct. 762 (1995). Caston's failure to satisfy either of these categories will result in his claim being denied. In the present case, we conclude that Caston has not shown that he was prejudiced by his counsel's allegedly inadequate performance because the arguments that Caston claims that his attorney should have asserted are meritless. (As such, it is fair to say that his counsel did not fall below the constitutionally required standard of competence by failing to assert meritless arguments.).
 
 
 4
 We first address his claim that his conviction for residential burglary should not constitute a crime of violence. Caston was convicted for violating of ILL.REV.STAT. ch. 38, para. 19-1(a) (1986) (now 720 ILCS 5/19-1(a)). This statute makes a person liable for residential burglary as well as other types of burglaries. Caston, however, does not deny that he actually engaged in residential burglary, and therefore for purposes of sentencing it was appropriate for the court to treat his prior conviction as being specifically for residential burglary. See Taylor v. United States 495 U.S. 598, 602 (1990) (stating that if the indictment or information and jury instructions show that the defendant's conviction was based upon the jury's finding that he had committed a crime that qualified under the Guidelines, then the defendant qualifies for an enhanced sentence); United States v. White, 997 F.2d 1213, 1218 (7th Cir.1993) (holding that the defendant qualified as a career criminal under 18 U.S.C. § 924(e), which allows such a classification upon a finding of three previous convictions for generic burglary, even though the statute under which he was convicted did not limit liability to generic burglary, because the charging paper indicated that the crimes to which he pleaded guilty were generic burglaries).
 
 
 5
 Caston also suffered no prejudice from his attorney's failure to argue that the PSI was in error in listing that Caston had been incarcerated for 124 days in Champaign County Jail. The parties agree that Caston received two additional criminal history points because of the inclusion of this charge in the report. Including these points, Caston had a total of 15 criminal history points. This placed him in Criminal History Category VI. U.S.S.G., Ch. 5, Part A. If Caston had not received these two points, which he would not have had he not served time in Champaign County, he would have had a total of 13 criminal history points. This also would have placed him in Criminal History Category VI. Id. Therefore, whether or not the Champaign County charge was included in his criminal history, Caston would have been eligible for the same range of punishment. Therefore, he could not have been harmed by the factoring in of the incarceration that he claims never took place, and thus, was not prejudiced by his attorney's failure to pursue this point.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)